9871

WITHERSPOON v. WITHERSPOON *ET AL.*

(95 S. E. 77.)

JUDGMENT—SETTING ASIDE DEFAULT—UNAUTHORIZED RELIEF.—In a partition proceeding a defendant was entitled to assume that the decree would be made upon the allegations of the complaint, and the Court abused its discretion in not allowing him to answer the complaint six years after the rendition, in the absence of defendant, of a decree based only on evidence that defendant had deeded plaintiff his interest, shown in the complaint, under Code Civ. Proc. 1912, sec. 225; there being no amendment to the complaint, and defendant having had no notice or opportunity to be heard on such issue.

Before SHIPP, J., Florence, May, 1917. Reversed.

Action for partition by R. D. Witherspoon against Fred. Witherspoon and others. From an order refusing to allow the named defendant to answer, he appeals.

*Mr. Philip H. Arrowsmith,* for appellant, submits: *That it was an abuse of discretion on the part of his Honor, when he refused to allow the defendant, Fred. M. Witherspoon, to answer.*

*Messrs. Willcox & Willcox* and *J. M. Lynch,* for respondent, cite: Code of Procedure, secs. 225, 643; 47 S. C. 263;

25 S. C. 193; 51 S. C. 405; 29 S. E. 66; 53 S. C. 222; 31 S. E. 226; 56 S. C. 28; 33 S. E. 787; 17 S. C. 451; 56 S. C. 28; 70 S. C. 166; 15 S. C. 614; 82 S. C. 504-5; 53 S. C. 234.

June 23, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The order of his Honor, Judge Shipp, from which an appeal is made, refuses to allow the appellant, Fred. Witherspoon, to come in at this time and answer the complaint served on him in September, 1911. The basis upon which appellant sought before the Circuit Court to be allowed to do so is section 225 of the Code of Procedure, which allows a Circuit Judge, in the exercise of his discretion, to permit parties to come in and answer after the time for answering has expired, when it is shown that the failure to answer was due to his mistake, inadvertence, surprise or excusable neglect.

The appellant, by his exceptions, raises but one issue: Did Judge Shipp abuse his discretion in refusing to allow the appellant to come in and answer the complaint after a lapse of six years? Under section 225, Code of Procedure, the discretion is vested in the Circuit Judge, and he passes on such questions, and this Court has repeatedly decided that, unless there has been a clear and manifest abuse of his discretion, it will not reverse the findings of the Circuit Judge.

The action was partition of real estate. R. D. Witherspoon, the respondent, is the father of the appellant, Fred. M. Witherspoon. It was alleged in the complaint that the plaintiff and defendants, of whom Fred. Witherspoon was one, were owners in fee as tenants in common. The complaint alleged that he was the owner of one-third, that his wife, Ellen May Witherspoon, had died intestate, seized and possessed of the land sought to be petitioned, and that each of the defendants, among whom was the appellant, were entitled to one undivided two-fifteenths part thereof.

This action for partition was commenced on November 17, 1908. After service of process, nothing further was done until June 9, 1911, when a reference was held, and it developed for the first time at the reference that the plaintiff claimed to have purchased the interest of the defendant, Fred. Witherspoon, and to have obtained a deed from him prior to the commencement of the action. The plaintiff did not amend, or attempt to amend, his complaint by alleging these facts, but introduced evidence at the reference to show a different title from that as alleged in his complaint. This contention is at variance with the allegations of the complaint, and the record fails to show that any such contention was ever brought home to Fred. Witherspoon, the appellant, that he had conveyed his interest.

The complaint served on him alleged he had an interest in the land, and as far as the record discloses he has had no opportunity of controverting the evidence introduced before the master tending to show that he had conveyed his interest to the plaintiff. The appellant had every right to assume, when he defaulted, that the allegations of the complaint would be the basis of the decree to be made by the Court, and that fixed his interest; and when plaintiff undertook to claim the interest of defendant, Fred. Witherspoon, he should have amended his complaint, making proper allegations of his changed claims, and not to have been allowed to simply introduced evidence to show a different title from that which he had alleged in his complaint.

The appellant had every reason to assume that the decree would be made upon the allegations of the complaint, and inasmuch as the evidence introduced before the master, showing a transfer by him of his interest, was done without an amendment to the complaint, under all of the facts and circumstances as developed in the case, an unfortunate family controversy between father and son, we are of the opinion that his Honor was in error in not permitting Fred. Witherspoon to answer the supplemental complaint, and be

allowed to contest the claim made by his father that he had conveyed his interest in the land inherited from his mother by deed to him, the father.

Judgment reversed.